## WOODRUFF v. RODMAN.

(Court of Appeals of District of Columbia. Submitted January 15, 1926. Decided April 5, 1926.)

### No. 1815.

1. Patents ⊸91(1).

Junior party to interference proceeding has burden of proof.

2. Patents ⊸91(4).

Party to interference proceeding *held* to have established priority of conception and disclosure of invention for process of treating carbon by oxidation, and entitled to patent.

Appeal from the Commissioner of Patents.

Interference proceeding between John C. Woodruff and Hugh Rodman. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

H. E. Knight and H. C. Workman, both of Washington, D. C., for appellant.

E. W. McAllester, of Pittsburgh, Pa., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office in an interference proceeding awarding priority to the senior party, Rodman. The invention is a process of treating carbon by oxidation, through continuous agitation of the carbon while conveying it through a reaction zone and subjecting it, while in that zone, to the combined action of steam and hot combustion gases; the gases furnishing the heat necessary to maintain the temperature at a point insuring activation of the carbon.

Count 1 reads as follows:

"1. A process of treating carbon by oxidation, which comprises, continuously agitating the carbon while conveying it through a reaction zone and subjecting the carbon while in said zone to the combined action of steam and hot combustion gases, the latter gases furnishing the necessary heat to maintain the temperature at a point insuring rapid activation of the carbon."

Count 2 differs from count 1 merely in the limitation that the gases furnish "the necessary heat to maintain a temperature of between 700° C. and 1,100° C."

[1] The Rodman application was filed August 21, 1918, and that of Woodruff May 8, 1919, so that the burden of proof is upon Woodruff. Woodruff first challenged Rodman's right to make the claims through a motion to dissolve. The Law Examiner, in a carefully prepared opinion, sustained Rodman's right and denied the motion. His decision on this question was accepted and followed by the higher tribunals, and is so clearly right that we deem further discussion unnecessary.

[2] We also agree with the Patent Office tribunals that the evidence clearly discloses the Rodman was in possession of the invention at a time prior to the earliest date claimed by Woodruff. The evidence further shows that Rodman had an interview with Wood-

ruff concerning Rodman's invention prior to any date that can be awarded Woodruff for conception and disclosure. Rodman testifies that upon that occasion he fully disclosed the invention to Woodruff. In a letter prepared by Woodruff as a result of this interview, introducing Rodman to the United States Steel Corporation of Pittsburgh, Pa., is the following: "Mr. Rodman has some new ideas on the production of a form of carbon, suitable for use in gas masks, for the absorption of toxic vapors."

In view of the fact that Rodman theretofore had fully disclosed the invention, and that the object of the interview was the making of arrangements for its exploitation, we are of opinion that the Examiner of Interferences was fully justified in finding "that Woodruff is not an original inventor of the issue"; in other words, that he derived the invention from Rodman. The Examiners in Chief and the Assistant Commissioner based their decisions upon the ground that Rodman was the first to conceive and reduce to practice, and hence that it was unnecessary to determine the question of originality. With that question eliminated, their decisions undoubtedly are correct; but where, as here, the evidence is clear that one of two interfering parties is not an inventor at all, we prefer to rest our opinion upon that ground.

The decision is affirmed.

Affirmed.